Dear Mr. Griffin:
Your request for clarification of Opinion Number 00-433 has been referred to me for response. You seek answers to six questions in addition to the fifteen addressed in the original opinion.
 1. Does a so-called "operating lease" exempt the City of Kaplan from advertising for public bids relating to lease and lease-purchase contracts which have a purchase option and which exceed the $15,000 public bid threshold?
 No. The term "operating lease" is not known to us in the context of public procurement. In any event, no lease — regardless of its characterization — would be exempt from the bidding requirement if it is over the bidding threshold and contains an opportunity to obtain title under the terms of the document. I have reviewed the documents related to the two leases in question and find no reference to the term "operating lease". However, each lease contains explicit provisions which provide the "option to purchase".
 2. Is it correct that, since an "operating lease" is not specifically exempt by any part of the Public bid Law, the City Clerk was required to advertise both of the leases in question for public bids since each has a purchase option provision and exceeds the bidding threshold?
 Yes. The City of Kaplan has the obligation to comply with the requirements of the Public Bid Law. We are not aware of who may have been designated to carry out compliance with those requirements.
 3. Your questions 3, 5, and 6 relate to the provisions of La.R.S. 38:2319.7 and 2319.10. These statutes are irrelevant to these issues since they deal only with financing leases made by political subdivisions through non-profit lenders, which is not the case with the transactions in question.
 4. Would it be legal to eliminate the purchase option provision of an executed contract by covering it up with "white out" fluid?
 The parties to a contract may reform a contract by mutual agreement, which should be evidenced by an addendum to the contract or by the initials of all parties next to any change in the original document, along with an indication of the date the change was made. However, a purchase option is generally a valuable right of the lessee, who by making payments during the lease term has accumulated an equity interest in the leased equipment. To surrender such a property right without compensation may well be a donation of public property, which is prohibited by Article VII, Section 14A of the Louisiana Constitution.
Though not raised in your request, it is important to point out that the non-appropriation provision in the equipment leases which you have submitted to this office does not qualify for the exemption from approval by the State Bond Commission provided by La.R.S. 39:1410.60 (C). One of the leases contains no non-appropriation clause at all. The other lease contains a non-appropriation clause but also contains an anti-substitution provision. As a result, neither contract meets the requirements of R.S. 39:1410.60 (C) for exemption from the approval process of the State Bond Commission. There is no indication in your request that such approval was obtained for these leases.
I trust that this adequately responds to your questions.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________________ GLENN R. DUCOTE Assistant Attorney General Chief, Public Finance Contracts Section
RPI/GRD/dra